UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARMANDO AREVALO,

    Plaintiff,

v.                         Case No: 2:19-cv-159-FtM-99UAM

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Partial Motion to Dismiss Claim for Attorney's Fees (Doc. #7) filed on April 24, 2019. Plaintiff filed a Response in Opposition (Doc. #16) on June 6, 2019. For the reasons set forth below, the Motion is denied.

**I.**

In this single-claim Complaint for Breach of Contract (Doc. #1), plaintiff Armando Arevalo seeks various relief for flood damage caused to his property on or about September 10, 2017, by Hurricane Irma. Plaintiff submitted a claim to defendant seeking coverage for the damage under a federally-sponsored Standard Flood Insurance Policy (SFIP) issued by defendant American Bankers Insurance Company of Florida (American Bankers) for the property under the National Flood Insurance Act, 42 U.S.C. § 4001, et seq. Defendant hired an independent adjuster who prepared an estimate

and proof of loss, which plaintiff disagreed with.  Plaintiff alleges that defendant has failed or refused to pay the full amount due under the Policy or otherwise failed or refused to comply with the terms and provisions of the Policy.  In addition to its flood damages, plaintiff's requested relief includes reasonable attorney's fees, costs, and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA).  (Doc. #1, p. 4.)

Defendant moves to dismiss the request for EAJA attorney's fees pursuant to Federal Rule of Civil Procedure 12(b)(6) because defendant is not an agency of the United States from which EAJA fees may be obtained.  Although this lawsuit is not a suit against the federal government, plaintiff nevertheless responds that the EAJA should apply to SFIP policyholders because private insurance companies (such as defendant) that issue SFIPs merely carry out the duties as "fiscal agents" of the Federal Emergency Management Agency (FEMA).

**II.**

**A. The National Flood Insurance Program**

American Bankers, a private insurance company, is a Write-Your-Own (WYO) Program carrier participating in the United States government's National Flood Insurance Program (NFIP).  Congress created the NFIP under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq. in an effort to limit the damage caused

by flooding by spreading the risk among private insurers and the federal government. FEMA administers the program and has established, by regulation, the Standard Flood Insurance Policy, 44 C.F.R. § 61.13.

By statute, the Director of FEMA is authorized to promulgate regulations "for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. §§ 4013, 4019. Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the SFIP found in 44 C.F.R. Part 61, Appendix A." Id. The Director of FEMA is authorized to use private insurance companies as "fiscal agents of the United States" and to enter into any necessary contracts with insurance companies to implement the NFIP. 44 C.F.R. § 62.23(g).

FEMA created the WYO program in 1983 pursuant to regulatory authority granted to it by Congress. Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 599 (4th Cir. 2002). "The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, flood insurance policies under the Government Program." Id. (citing 44 C.F.R. § 62.23). "Insurance companies which participate in the WYO Program are known as 'WYO Companies.'" Id. Importantly, "all flood insurance policies issued by WYO Companies under the WYO Program must mirror the terms and conditions of the SFIP," and the terms and conditions

of the SFIP "cannot be varied or waived other than by the express written consent of the Federal Insurance Administrator." Id. A WYO company issuing flood insurance coverage is responsible for the "adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the [NFIP], based upon the terms and conditions of the [SFIP]." Id.

"Premiums collected by WYO Companies, after deducting fees and costs, must be deposited in the National Flood Insurance Fund in the United States Treasury." Battle, 288 F.3d at 599 (citing 42 U.S.C. § 4017(d)). "When the funds retained by WYO Companies are insufficient to satisfy outstanding claims and refunds, the WYO Companies must draw upon letters of credit from FEMA." Id. at 599-600 (citing 44 C.F.R. Pt. 62, App. A, Art. IV (A)). Simply put, "premiums collected on policies written by WYO Companies do not belong to those companies." Id. at 600 (citing Newton v. Capital Assurance Co., 245 F.3d 1306, 1311 (11th Cir. 2001)). Claim payments made by WYO companies under the SFIP "are a direct charge on the United States Treasury," and are not paid out of the WYO carrier's own funds. Id.; see also in re Van Holt, 163 F.3d 161, 165 (3d Cir. 1998).

**B. The No-Interest Rule Case**

Although the Eleventh Circuit has not considered the exact issue raised in this case – whether attorney's fees are payable to WYO companies under the EAJA – the Eleventh Circuit has considered

an analogous issue of prejudgment interest awards. In Newton v. Capital Assurance Co., the Eleventh Circuit cited Van Holt for the proposition that for jurisdictional purposes a suit against a WYO company is the "functional equivalent" of a suit against FEMA. Newton, 245 F.3d at 1309. The Newton case involved whether prejudgment interest awards (in that case awarded after a bench trial) in suits against WYO companies selling federally-sponsored SFIP policies violate the "no-interest rule" – a sovereign immunity principle that the United States is immune from an interest award in the absence of express congressional consent to the award. Id. at 1309. The court held that the no-interest rule prohibits the award of prejudgment interest against WYO companies because the regulations detailing the financial relationship between FEMA and WYO companies establish that the interest charges against WYO companies are in reality "direct charges against FEMA." Id. at 1311.

> [Defendant] also points out the functionary status of the WYO companies in relation to FEMA. Under the statute, WYO companies act as the "fiscal agents of the United States," 42 U.S.C. § 4071(a)(1); see also 44 C.F.R. § 62.23(f) (characterizing the relationship between the federal government and WYO companies as "one of a fiduciary nature" and intended to "assure that any taxpayer funds are accounted for and appropriately expended"). WYO companies may not alter the terms of SFIPs, or insert flood coverage into other policies. 44 C.F.R. § 62.23(c), (h)(6). Finally, they must adjust claims under NFIP guidelines. Id. § 62.23(i)(1).
>
> [Defendant] persuades us with these points — FEMA's inevitable liability for claims and its substantial

administrative oversight — to join our fellow circuits in concluding that the line between a WYO company and FEMA is too thin to matter for the purposes of federal immunities such as the no-interest rule.

Newton, 245 F.3d at 1311.

### III.

#### A. The EAJA

Plaintiff seeks to recover attorney's and costs fees in connection with his breach of contract claim pursuant to the EAJA, which is codified at 28 U.S.C. § 2412 (the "Act"). (Doc. #1, ¶ 12 and WHEREFORE). To justify an award of attorney's fees and costs under the EAJA, the party must be "the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity...." 28 U.S.C. § 2412(b). The statute defines "United States" to include "any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C).

#### B. Standard of Review

Defendant moves to dismiss the claim for EAJA attorney fees[1] pursuant to Federal Rule 12(b)(6), arguing that it is not an agency of the United States. Plaintiff responds that FEMA, although not a named party, is the real party in interest standing in the shoes

---

[1] Defendant does not move to dismiss any claim for costs.

of American Banker and is an "agency" of the United States subject to the provisions of the EAJA.

Although labeled a Rule 12(b)(6) Motion, the Motion does not attack the factual sufficiency of the Complaint.  Rather, the requested relief is more akin to a motion to strike the request for attorney's fees and costs under Federal Rule 12(f).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Hutchings v. Fed. Ins. Co., 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008).  It is not intended to "procure the dismissal of all or part of a complaint."  Id.  Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995).  Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Id.  Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

In evaluating a motion to strike, the Court generally applies the same test used to determine a 12(b)(6) motion, including the general rule that matters outside the pleadings are not to be considered. See Antoniou v. Thiokol Corp. Group Long Term Disability Plan, 849 F. Supp. 1531, 1533 (M.D. Fla. 1994) ("[M]atters outside the pleadings, such as affidavits or depositions must be disregarded in an analysis under a Rule 12(f) motion to strike.").

**C. Application to This Case**

WYO Companies such as American Banker are "responsible for their obligations to their insureds under any flood insurance policies issued." 44 C.F.R. § 62.23(g). WYO companies, rather than FEMA, are thus initially responsible for the "adjustment, settlement, payment, and defense" of claims on their policies. Id. § 62.23(d). "A WYO company choosing to defend against a claim must therefore seek reimbursement for its costs rather than merely handing the case over to FEMA." Newton, 245 F.3d at 1312 (citing 44 C.F.R. § 62.23(9)(6)), which states:

> **(i)** To facilitate the adjustment of flood insurance claims by WYO Companies, the following procedures will be used by WYO Companies.
>
> * * *
>
> **(6)** Pursuant to the Arrangement, the responsibility of defending claims will be upon the Write Your Own Company and defense costs will be part of the unallocated and allocated claim expense allowance, depending on whether a staff counsel or an outside

> attorney handles the defense of the matter.[2] Claims in litigation will be reported by WYO Companies to FIA [Federal Insurance Administration] upon joinder of issue and FIA may inquire and be advised of the disposition of such litigation.

44 C.F.R. § 62.23(i)(6). "Reimbursement may be limited, moreover, if a WYO company fails to meet certain documentation requirements." Newton, 245 F.3d at 1312 (citing pt. 62, app. A, art III(D)(2)).

Based on the principles and regulations discussed by the Eleventh Circuit in Newton, the determining factor is not so much whether American Bankers is an "agency" of the United States under the Act. Rather, it seems to matter more whether the government is the source of the funds or who would pay an award of attorney's fees. 245 F.3d at 1312. Here, payment of attorney's fees may be a direct charge on federal funds if FEMA approves American Banker's request for reimbursement of the attorney's fees incurred defending this NFIP litigation. This is of course assuming that American Bankers seeks reimbursement for its defense costs from FEMA and otherwise has an arrangement with FEMA whereby it is entitled to reimbursement. Either way, it is at least plausible at this point in the litigation that attorney's fees may be paid from federal funds by FEMA. Therefore, the motion to strike the request for attorney's fees under the EAJA is denied.

---

[2] It appears that in this case outside counsel is handling the matter for American Bankers.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Partial Motion to Dismiss Claim for Attorney's Fees (Doc. #7) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record